IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEAN HAGLER,

      Plaintiff,

v.

MALIK INVESTMENTS, INC.,
a Domestic Profit Corporation,
d/b/a HOLIDAY INN EXPRESS,

      Defendant.
_____/

CIVIL ACTION FILE NO.:
_____

INJUNCTIVE RELIEF SOUGHT

## **COMPLAINT**

COMES NOW Plaintiff, DEAN HAGLER, by and through the undersigned counsel, and files this his Complaint against Defendant Malik Investments, Inc., and says as follows:

## **INTRODUCTION**

This is an action under Title III of the Americans with Disabilities Act alleging barriers to access at Defendant's place of public accommodation, the hotel known as Holiday Inn Express. Defendant is the proper Defendant in this case with respect to the premises as the owner and operator thereof. The subject premises, as a hotel, is a place of public accommodation as defined by the ADA. It includes parking,

1

approaches and entrances, paths of travel, lodging spaces, toilet rooms and other public accommodations and services covered by the ADA.

## JURISDICTION AND PARTIES

1. Plaintiff seeks declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. (hereinafter "the ADA"). This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

2. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

3. At all times material hereto, DEAN HAGLER (hereinafter "Plaintiff") was a resident of the State of Georgia, and suffered from what constitutes a "qualified disability" in the State of Georgia. Since 2005, Plaintiff has suffered from an inherited neurological disorder leaving him partially paralyzed and confined to a wheelchair for mobility. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for his primary means of mobility. Prior to filing the instant action, Plaintiff personally visited the subject property in Stone Mountain, Georgia, but was denied full and equal access to, and full and equal enjoyment of, the facilities, which property is the subject of this case.

4. Defendant Malik Investments, Inc. (hereinafter "Defendant" or "Malik") is a domestic corporation having its principal place of business in Georgia. Defendant is authorized to transact, and is transacting, business in the State of Georgia and in this judicial district. Upon information and belief, Defendant is the owner and/or operator of the subject facility, and owner of the improvements on the real property where the facility which is the subject of this action is located. That said facility is a hotel located at 1790 East Park Place Boulevard, Stone Mountain, Georgia 30087 (hereinafter "the subject facility"). Upon information and belief, Defendant is the owner and lessor of the property where the subject facility is located, the business commonly referred to as "Holiday Inn Express," and it operates and controls the subject facility. All events giving rise to this lawsuit occurred in the State of Georgia. Venue is proper in this Court, as the subject facility is situated in Gwinnett County in the Northern District of Georgia, Atlanta Division.

## COUNT ONE

## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

5. The building or subject facility at issue in this action is a public accommodation subject to the ADA, and it must be in compliance therewith.

6. Defendant has discriminated, and continues to discriminate, against Plaintiff and other disabled persons, by denying full and equal access to, and full and

3

equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations at its facilities in derogation of 42 U.S.C. § 12181 et seq., and as prohibited by 42 U.S.C. § 12182 et seq., by failing to remove architectural barriers where such removal is readily achievable.

7. Plaintiff has been, and continues to be, unable to gain access to and enjoy the benefits of the services purported to be provided at the subject location, which is owned, operated, controlled and/or maintained by Defendant herein. Prior to filing the instant action, and within the applicable limitations period, Plaintiff visited the subject property and was denied full and safe access to the benefits, accommodations and services otherwise afforded to persons who do not suffer from a disability. Plaintiff's access was inhibited by, and Plaintiff personally encountered, the barriers to access detailed hereinafter, which barriers remain, in violation of federal law. As a proximate result of the foregoing, Plaintiff suffered an injury-in-fact in precisely the manner and form which the ADA was enacted to prevent.

8. Plaintiff continues to desire access to the subject facility but continues to be injured in that he is unable to gain access and continues to be discriminated against due to the barriers to access which remain at and about the subject facility. Absent remedial action by Defendant, Plaintiff will continue to encounter the barriers described herein, and, as a result, be discriminated against by Defendant on

the basis of Plaintiff's disability. Plaintiff has been discriminated against, and continues to have reasonable grounds to believe that he will continue to suffer discrimination in the future, because of Defendant's continuing, deliberate and knowing violations of the ADA. Plaintiff alleges that there exists a genuine threat of imminent future injury to Plaintiff and other similarly situated disabled persons.

9. Plaintiff intends to, and will, visit the property in the near future to utilize the goods and services thereon.

10. Defendant's facility is in violation of U.S.C. § 12181 et seq., and, consequently, Plaintiff is denied access as a result of the following specific violations:

a) Defendant has failed to provide adequately compliant parking spaces within the parking lot which meet the requirements of accessible parking under the ADA.

b) Defendant has failed to provide a clear and unobstructed designated accessible path of travel from access isles of the existing parking spots, marked as such, designated for wheelchair users to enter the subject facility.

c) Defendant has failed to provide adequate curb ramp protection at the existing curb ramp to discourage obstruction from parked vehicles.

d) Defendant has failed to provide a level landing that is at least 36 inches long at the top of the existing curb ramp.

e) The existing curb ramp at the subject facility entrance fails to comply with the designated allowances for curb ramp flares.

f) Defendant has failed to provide adequate ADA-compliant directional and accurate informational signage within the subject facility.

g) Defendant has failed to construct and/or modify restrooms for accessibility.

h) Defendant has failed to provide an accessible means of entry to the facility's pool area and pool.

11. Plaintiff alleges numerous other barriers to access at the subject facility not specifically referenced herein, which barriers can be identified only after a full inspection by Plaintiff and Plaintiff's representatives has been made.

12. To date the barriers and other violations of the ADA exist at the subject facility, and such barriers have not been remedied or altered in order to attain substantial compliance with the provisions of the ADA and its promulgating regulations.

13. Defendant is required to make its facility a place of public accommodation accessible to persons with disabilities.

14. The remediation of barriers and accommodations sought by Plaintiff are readily achievable, technically feasible, and would not result in a significant loss of marketing or sales space to Defendant.

15. Independent of his intent to return as a patron to the property, Plaintiff additionally intends to return to the property to determine whether the barriers to access stated hereinabove have been remedied.

16. Removal of barriers to access located on the property would allow Plaintiff to fully utilize the goods and services located therein.

17. Plaintiff has been required to retain counsel for the filing and prosecution of this action. Plaintiff is entitled to have and recover reasonable attorneys' fees, costs and expenses.

18. This Court is vested with the authority to grant injunctive relief to Plaintiff, including an Order to alter the subject facility to make it readily accessible to persons with disabilities to the extent required by the ADA, and to close the subject facility until the requisite modifications are achieved.

WHEREFORE, Plaintiff hereby requests judgment against Defendant and requests the following relief:

(a) That the Court declare the subject property owned, operated, leased, controlled and/or administered by Defendant in violation of the ADA;

(b) That the Court enter an Order requiring Defendant to alter its facilities to make them accessible to persons with disabilities to the full extent required by law;

(c) That the Court enter an Order requiring Defendant to cease operating its business at the subject facility for such reasonable time as to require Defendant to evaluate and neutralize its policies, practices and procedures towards persons with disabilities and undertake remedial measures;

(d) That the Court award reasonable attorneys' fees, costs, and litigation expenses; and,

(e) That the Court award such other and further relief as it deems just and proper.

## LR 5.1 CERTIFICATION

This document has been prepared in compliance with Local Rule 5.1 (Times New Roman (14 Point)).

DATED: March 24, 2016            Respectfully submitted,

MATTHEW N. POPE, P.C.

By: */s/ Matthew N. Pope*
    Matthew N. Pope
    Georgia Bar No. 584216
    842 SECOND AVENUE
    P.O. BOX 2624
    COLUMBUS, GEORGIA  31901
    (706) 324-2521 telephone
    (706) 324-0466 facsimile
    matt@mpopelaw.com
*COUNSEL FOR PLAINTIFF*

8